IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEPHANIE ANN BAKER,

                Plaintiff,

v.                                                                            OPINION and ORDER

LELAND DUDEK,[1]                                                  24-cv-196-jdp
Acting Commissioner of the Social Security
Administration,

                Defendant.

---

Plaintiff Stephanie Baker sought judicial review of a final decision of the Commissioner of Social Security finding her not disabled within the meaning of the Social Security Act from her alleged onset date of September 1, 2008, until July 25, 2019. Baker contends that the ALJ (1) relied on incorrect facts in determining Baker's onset date; and (2) improperly evaluated the opinion of examining medical consultant Allen Heinemann.

In response to Baker's motion, Dkt. 18, the Commissioner concedes that the ALJ erred in determining Baker's onset date and explaining how he evaluated the medical opinions. But the parties disagree about the appropriate remedy. The Commissioner asks the court to remand to the agency for another administrative hearing. Baker asks the court to direct an award of benefits for the full asserted disability period. The court concludes that the record does not unquestionably support a finding of disability as of the originally alleged onset date, so a directed award of benefits is not warranted. The court will remand this case to the agency for reconsideration of the issues identified by the parties.

---

[1] The court has updated the caption in accordance with Federal Rule of Civil Procedure 25(d).

ANALYSIS

Stephanie Baker filed an application for disability benefits in June 2017, alleging that she had been unable to work since September 1, 2008, because of a wide range of physical and mental impairments, including degenerative disc disease, fibromyalgia, sleep apnea, depression, and anxiety. R. 295.[2] This is the third time that Baker has appealed the commissioner's decision to federal court; on both previous instances, this court remanded the case to the agency on stipulation of the parties. When the case was last remanded, it was assigned to administrative law judge (ALJ) Corey Ayling. In December 2023, ALJ Ayling issued a partially favorable decision, finding that Baker was not disabled from her alleged onset date until July 25, 2019, but that she was disabled after that. R. 4299–333.

Baker now appeals to this court. In her brief, Baker contends that ALJ Ayling erred in two ways: (1) he relied on incorrect facts in determining that Baker's disability onset date was July 25, 2019; and (2) he failed to adequately explain his rejection of portions of examining consulting physician Allen Heinemann's opinion. The Commissioner conceded these errors and agreed to remand the case to the agency to reconsider Baker's disability onset date and to reexamine the medical opinions. But Baker refused to consent to remand on these terms. Baker contends that the evidence entitles her to an outright award of benefits as opposed to a new hearing before an ALJ.

An outright award of benefits is an unusual remedy, which is available only in rare cases where "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability

---

[2] Record cites are to the administrative transcript located at Dkt. 7.

benefits." *Allord v. Astrue*, 631 F.3d 411 (7th Cir. 2011). This is not one of those rare cases. There are at least seven medical opinions in the record, which recommend a range of work restrictions to accommodate Baker's limitations in her ability to interact with others and to account for the frequency with which Baker would need to be absent from work. When the medical opinions suggest a range of possible work restrictions, an outright award of benefits will normally be inappropriate. *Taylor v. Saul*, No. 20-cv-580-jdp, 2021 WL 1345628, at *5 (W.D. Wis. Apr. 12, 2021). The commissioner concedes error in the ALJ's determination of the onset date, but it remains an open question as to when Baker became disabled.

Baker contends that on this record, the agency would be compelled to credit the more severe work restrictions identified by Baker's treating providers and the examining consultant Allen Heinemann over the less severe restrictions identified by the non-examining state agency consultants. But an ALJ can choose to credit a non-examining state agency consultant's opinion over a treating provider's opinion if the ALJ properly explains his reasoning. *Crowell v. Kijakazi*, 72 F.4th 810, 817 (7th Cir. 2023). Baker is correct that the record could support the more severe restrictions recommended by her treating providers and the examining consultant. But the record could also support less severe restrictions. The record includes numerous examples of normal examination findings, and there is also some evidence that Baker's condition improved for portions of the nearly 11-year asserted disability period. *See, e.g.*, R. 863–887. It is up to the agency, not this court, to weigh the medical evidence and determine which medical opinions are best supported by the record. Baker's request for an outright award of benefits is denied.

The court will remand this case for reconsideration of the issues identified by the parties. Specifically, the agency should reconsider the medical opinions and reevaluate Baker's onset date of disability.

ORDER

IT IS ORDERED that the decision denying disability benefits to plaintiff Stephanie Baker is REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered March 28, 2025.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge